UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-10080-RGK (Ex) | Date | December 5, 2024 |
|---|---|---|---|
| Title | *ANNE HEITING v. ANDERSEN CORPORATION, et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|
| Joseph Remigio (not present) | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**       (IN CHAMBERS) Order Remanding Action to State Court

On August 22, 2024, Anne Heiting ("Plaintiff") filed a complaint against Andersen Corporation ("Defendant") alleging Violation of the California Trap and Trace Law, California Penal Code § 638.51.

On November 21, 2024, Defendant removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014).

Plaintiff's complaint states that Defendant, as part of its marketing strategy, partnered with TikTok to install software on it landing page to learn the location, source, and identify of consumers who visit the website. Plaintiff alleges she visited the website in March 2024 and became a victim of this scheme, which violates California's Trap and Trace Law. Plaintiff seeks injunctive relief, statutory and punitive damages, and attorneys' fees and costs. In support of its removal, Defendant states that Plaintiff's civil cover sheet sets forth an amount in controversy greater than $35,000. Defendant contends that attorneys fees alone exceeds the $75,000 threshold, and therefore the total amount in controversy far exceeds the minimum requirement for jurisdiction.

Upon review of the Notice of Removal, the Court finds that Defendant fails to plausibly allege

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-10080-RGK (Ex) | Date | December 5, 2024 |
|---|---|---|---|
| Title | *ANNE HEITING v. ANDERSEN CORPORATION, et al* | | |

that the requisite amount in controversy has been met. Even with $35,000 as a starting point,[1] with no allegations of egregious conduct indicative of malicious intent, Defendant simply cannot plausibly meet the minimum amount in controversy. Moreover, Defendant's inclusion of attorneys' fees and punitive damages are speculative, at best.

Accordingly, the Court is not satisfied that Defendant has satisfied its burden of plausibly alleging that the amount in controversy meets the jurisdictional requirement.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

**CC: LASC, 24STCV21426**

| | : |
|---|---|
| Initials of Preparer | JRE/vc |

---

[1] The Court notes that CIPA allows for statutory damages of $5,000 per violation, or three times the amount of actual damages sustained by the plaintiff, whichever is greater.